CHRISTOPHER M. KELLER, ESQ.
PYATT SILVESTRI & HANLON
701 Bridger Ave., Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
Attorneys for Defendant
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| NENAD TRGOVCEVIC and BORIS, TRGOVCEVIC, | CASE NO.: 2:11-cv-00730-RCJ-PAL |
| Plaintiffs, | |
| vs. | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

### ANSWER

DATE OF HEARING: N/A
TIME OF HEARING: N/A

COMES NOW Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, by and through its attorneys, CHRISTOPHER M. KELLER, ESQ., of the law offices of PYATT SILVESTRI & HANLON, and in response to Plaintiffs' Complaint on file herein, admits, denies and alleges:

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

1.   Answering Paragraphs 1 and 3 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

2. Answering Paragraph 2 of Plaintiffs' Complaint, Defendant admits each and every allegation contained therein.

3. Answering Paragraphs 4 and 5 of Plaintiffs' Complaint, Defendant states that the allegations contained therein constitute conclusions of law and thus require no answer, however, to the extent that they contain allegations of fact, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations, and, therefore, denies the same.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT FOR**
**UNDERINSURED MOTORIST BENEFITS**

4. Answering Paragraph 6 of the First Claim of Action of Plaintiffs' Complaint, Defendant repeats, realleges and incorporates herein by reference as though fully set forth at this point, its answers to Paragraphs 1 through 5 of the Allegations Common to All Claims for Relief of Plaintiffs' Complaint on file herein.

5. Answering Paragraphs 7, 9, 12, and 15 of Plaintiffs' Complaint, Defendant admits each and every allegation contained therein.

6. Answering Paragraph 8 of Plaintiffs' Complaint, Defendant states that the allegations contained therein constitute conclusions of law and thus require no answer, however, to the extent that they contain allegations of fact, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations, and, therefore, denies the same.

7. Answering Paragraph 10 of Plaintiffs' Complaint, Defendant admits "that Plaintiffs, NENAD and BORIS' damages including physical and emotion injuries, wage loss, loss of earning capacity, and general pain and suffering, exceed the $25,000.00 provided to NENAD, and the $25,000.00 provided to BORIS by the tortfeasor's insurance policy", and as to the remaining allegation of "far", Defendant denies the same.

8. Answering Paragraph 11 of Plaintiffs' Complaint, Defendant admits "that prior to April 9, 2010, the Defendant, ALLSTATE, issued a policy of automobile insurance, policy number 944 988381, to Plaintiff NENAD. Said policy of insurance was in full force and effect

on April 9, 2010, and as to the remaining allegation contained therein, Defendant denies the same.

9. Answering Paragraph 13 of the Plaintiffs' Complaint, Defendant admits the same pursuant to the subject of the policy terms and conditions.

10. Answering Paragraphs 14, 16 and 17 of the First Claim for Relief of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF
## COMMON LAW BAD FAITH

11. Answering Paragraph 18 of the Second Claim for Relief of Plaintiffs' Complaint, Defendant repeats, realleges and incorporates herein by reference as though fully set forth at this point, its answers to Paragraphs 1 through 10 of Plaintiffs' Complaint on file herein.

12. Answering Paragraph 18 of the Second Claim for Relief of Plaintiffs' Complaint, Defendant states that the allegations contained therein constitute conclusions of law and thus require no answer, however, to the extent that they contain allegations of fact, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations, and, therefore, denies the same.

13. Answering Paragraphs 20, 21, 22 and 23 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF
## STATUTORY BAD FAITH

14. Answering Paragraph 24 of the Third Claim for Relief of Plaintiffs' Complaint, Defendant repeats, realleges and incorporates herein by reference as though fully set forth at this point, its answers to Paragraphs 1 through 23 of Plaintiffs' Complaint on file herein.

15. Answering Paragraphs 25 and 27 of Plaintiffs' Complaint, Defendant admits each and every allegation contained therein.

16. Answering Paragraphs 26, 28, 29, 30 and 31 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff herein failed to mitigate his damages, if any.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the damages, if any suffered by Plaintiff were caused in whole or in part, or were contributed to by reason of the negligence of the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the occurrence referred to in the Complaint, and all injuries and damages, if any resulting therefrom, were caused by the acts or omissions of a third party over whom Defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of the covenant of good faith and fair dealing and/or "bad faith," and all damages allegedly arising therefrom, are barred based on Allstate's reliance on a good-faith investigation of Plaintiffs' claim.

## FIFTH AFFIRMATIVE DEFENSE

Nevada Revised Statute section 42.005 allowing open-ended extra-contractual and punitive damages for certain tort claims, if either is applicable herein as to Plaintiffs' claims, are invalid on their face and as applied to Allstate as violating the protections afforded it under the Eighth and Fourteenth Amendments of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset for any monies or benefits Plaintiff receives from any other insurer, party or named defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint on file herein;
2. For reasonable attorney's fees and costs to defend this action; and
3. For such other and further relief as to the court may deem meet and proper in the

premises.

DATED this 16'' day of May, 2011.

PYATT SILVESTRI & HANLON

_____
CHRISTOPHER M. KELLER, ESQ.
701 Bridger Avenue, Suite 600
Las Vegas, NV 89101
Attorneys for Defendant

## DEMAND FOR JURY TRIAL

COMES NOW the Defendant, and hereby demands a jury trial of all of the issues in the above matter.

DATED this ___ day of May, 2011.

PYATT SILVESTRI & HANLON

_____
CHRISTOPHER M. KELLER, ESQ.
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendant

## CERTIFICATE OF MAILING

I hereby certify that service of the foregoing **ANSWER AND DEMAND FOR JURY TRIAL** was made on this 18 day of May, 2011, by depositing a true and correct copy of the same, in the United States Mail, Las Vegas, Nevada, with postage fully prepaid thereon, addressed to the following:

ROBERT L. AMICK, ESQ.
AMICK LAW OFFICE
6030 S. Rainbow Blvd., Ste. D-1
Las Vegas, Nevada 89118
Attorneys for Plaintiffs

_Janet Wakizawa_
An Employee of the Firm